**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 12, 2007
Decided May 14, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-1137

EHSAN AMJAD,

     *Petitioner*,

     *v.*

MICHAEL B. MUKASEY,

     *Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals.

No. A79 545 424

**O R D E R**

Ehsan Amjad, a Pakistani national, entered the United States without inspection and married a United States citizen, divorced her less than a year later and subsequently married another United States citizen, Crystal Luther. Each woman, during her marriage to Amjad, filed a petition to pursue his adjustment of status, and when Amjad was placed in removal proceedings, the IJ continued the hearing several times to await a decision on Luther's petition. A decision had not been reached a year and a half later, and the IJ refused a further continuance and ordered Amjad removed. Amjad appealed to the BIA, which

affirmed.  Amjad now petitions for review of that decision.  We lack jurisdiction to consider Amjad's petition, and it is therefore dismissed.

One month after Amjad married Luther, he received a Notice to Appear before the immigration court.  At his first hearing in March 2004, Amjad admitted that he was removable but requested a continuance to await the adjudication of Luther's I-130 petition, which she had filed shortly after they were married.  The IJ agreed and scheduled a hearing for June 2005.  In September 2004, Luther's I-130 petition was denied based on a finding that Amjad's first marriage was fraudulent.  Just before the June 2005 hearing, however, DHS reopened the decision on Luther's petition.  Amjad appeared at the June hearing with new counsel, who requested another continuance to await adjudication of the reopened petition, and the IJ continued the hearing to September 2005.

At that hearing, Amjad's counsel asked for yet another continuance because the petition was still pending and Amjad was prepared to contest the finding that his first marriage was fraudulent.  The government's counsel opposed a further continuance because Amjad did not yet have an approved I-130 petition.  The IJ said he was going to deny the request and asked whether Amjad wanted voluntary departure.  Amjad's counsel agreed but urged that Amjad was entitled to an adjustment of status and that Amjad did not admit that he had committed marriage fraud.  The IJ, however, denied a continuance, noting that DHS had already found that Amjad's first marriage was fraudulent, and, as the government pointed out, that first fraudulent marriage would prevent Luther's I-130 petition from being granted.  Further, the IJ noted that he was "not inclined to grant a further continuance for the adjudication of I-130 application."  He granted Amjad voluntary departure.

Amjad appealed the denial of a continuance to the BIA.  In June 2006, while his appeal was pending, the Department of Justice (DOJ) notified Luther that it intended to deny her I-130 petition.  The letter informed Luther that "[a] review of the record indicates that Ehsan Amjad was the beneficiary of a previous petition that was denied for fraud." The BIA thereafter dismissed Amjad's appeal, relying in part upon the DOJ's letter.  It found that the IJ did not err in refusing to grant a further continuance to Amjad because (1) the IJ had already granted 18 months worth of continuances, (2) the DOJ had issued an intent to deny Luther's I-130 petition "based on a possible violation of section 204(c) of the Immigration and Nationality Act, 8 U.S.C. § 1154(c)" for marriage fraud; and (3) Amjad was ineligible to adjust his status because Luther's I-130 petition was filed almost two years after the statutory deadline of April 30, 2001.  Amjad petitioned this court for review.

At oral argument, Amjad informed the panel that the DOJ had approved Luther's I-130 petition after he had voluntarily departed the United States and shortly before

argument.  The panel ordered the parties to submit supplemental briefing on the effect of the approved I-130 petition on Amjad's ability to pursue an adjustment of status and whether his departure from the United States would adversely affect the likelihood of his future re-admission to the United States.  In their briefs, the parties agree that, because Amjad had left the United States, he may no longer pursue an adjustment of status but must proceed through the consulate overseas.  Both parties also agree that, to qualify for admission to the United States even through the consular process, Amjad would likely need a waiver to excuse his previous illegal entry.  Amjad reiterates his plea for review, arguing that Luther's granted petition demonstrates that the BIA erred in refusing him a continuance.

Though Amjad's situation evokes sympathy, we conclude that we lack jurisdiction to alter it.  *See Ali v. Gonzales*, 502 F.3d 659, 660-61 (7th Cir. 2007); *see also Wood v. Mukasey*, 516 F.3d 564, 568 (7th Cir. 2008); *Potdar v. Keisler*, 505 F.3d 680, 684-85 (7th Cir. 2007); *Tariq v. Keisler*, 505 F.3d 650, 658 (7th Cir. 2007).  After all, the BIA's decision, which was based upon the information it had at the time, does not fall within the exception recognized in *Subhan v. Ashcroft*, 383 F.3d 591, 595 (7th Cir. 2004), and *Ali*, 502 F.3d at 664-65, because it is consistent with the adjustment-of-status statute, 8 U.S.C. § 1255(i).  *See Subhan*, 383 F.3d at 595; *Ali*, 502 F.3d at 664-65.

Accordingly, Amjad's petition for review is DISMISSED.